IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KATRIA TRUMPLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-173 |
| | ) | |
| FRANK BISIGNANO, Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff appeals the decision of the Commissioner of Social Security ("the Commissioner") denying her applications for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion. Because the case should be remanded, and because Rule 5 of the Supplemental Rules for Social Security Actions states an "action is presented for decision by the parties' briefs," the Court also **REPORTS** and **RECOMMENDS** Plaintiff's motion for summary judgment be deemed **MOOT** and **TERMINATED**. (Doc. no. 18.)

I.    **BACKGROUND**

Plaintiff protectively applied for DIB and SSI on January 20, 2020, alleging a disability onset date of September 1, 2018, which she later amended to January 1, 2023.  Tr. ("R."), pp. 10, 34, 257, 404.  Plaintiff was forty-six years old on her amended alleged disability onset date and forty-eight years old when the Administrative Law Judge ("ALJ") issued the decision currently before the Court for review.  R. 20, 404.  Plaintiff applied for benefits based on disorders of the skeletal spine, chronic pulmonary insufficiency, pinched nerves, chronic pain, and asthma, as well as depressive, bipolar and related disorders.  R. 116-17, 126, 248, 308.  Plaintiff graduated high school and completed training as a certified nursing assistant ("CNA"), R. 46, 309, and prior to her alleged disability date, had worked as a CNA, custodian, and daycare worker.  R. 18, 46-47, 309.

The Social Security Administration denied Plaintiff's applications initially and on reconsideration.  R. 70-138.  Plaintiff requested a hearing before an ALJ, R. 169, and the ALJ held a telephone hearing on May 7, 2025.  R. 10, 27.  Represented by counsel, Plaintiff appeared and testified, as did a vocational expert ("VE").  R. 27-69.  On June 5, 2025, the ALJ issued a decision finding Plaintiff not disabled.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1.  The claimant has not engaged in substantial gainful activity since her amended alleged onset date of January 1, 2023.  (20 C.F.R.  404.1571 *et seq*., and 416.971 *et seq*.).

2.  The claimant has the following severe impairments:  cervical and lumbar degenerative disc disease; bilateral shoulder degenerative joint disease; chronic obstructive pulmonary disease (COPD) and asthma; and, obesity.  (20 C.F.R. 404.1520(c) and 416.920(c)).

2

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b)[1] except she can occasionally reach overhead with the bilateral upper extremities. Occasionally stoop, kneel, crouch, crawl, balance (as defined by DOT/SCO). Occasionally climb ramps and stairs but never climb ladders, ropes, and scaffolds. Tolerate occasional exposure to high/exposed places or in proximity to moving mechanical parts. She cannot tolerate excessive exposure to atmospheric conditions. Tolerate frequent exposure to extremes of humidity, heat or cold. Tolerate frequent vibration. She can understand, remember, and carry out simple instructions; able to maintain concentration, persistence, and pace for periods for at least 2 hours at a time; perform activities within a schedule, maintain regular attendance, and complete a normal workday and work week. The claimant is unable to perform any past relevant work. (20 C.F.R. 404.1565 and 416.965).

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform, including representative occupations such as marker, checker I, and router. (20 C.F.R. 404.1569, 404.1569a, 416.969, and 416.969a). Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2023, through the date of the decision, June 5, 2025. (20 C.F.R. 404.1520(g) and 416.920(g)).

R. 12-20.

---

[1]"Light work" is defined as:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) & 416.967(b).

When the Appeals Council denied Plaintiff's request for review, R. 1-5, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ limited Plaintiff to occasional overhead reaching bilaterally but relied on VE testimony that identified three jobs requiring frequent reaching to determine Plaintiff was not disabled. See Pl.'s Br., doc. no. 18; Pl.'s Reply, doc. no. 24. The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See Comm'r's Br., doc. no. 23.

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable

4

person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.  DISCUSSION

The case should be remanded for clarification of the VE's internally inconsistent testimony that a worker limited to no more than occasional overhead reaching with the bilateral upper extremities could perform jobs requiring frequent reaching. The Commissioner argues remand is not necessary because Social Security Ruling ("SSR") 24-3p, "Title II and XVI: Use of Occupational Information and Vocational Specialist and Vocational Expert Evidence in Disability Determinations and Decisions," applies, and therefore, the ALJ was allowed to rely on the testimony of the VE that might conflict with the Dictionary of Occupational Titles ("DOT")

5

without any requirement to inquire about, and resolve, any such conflict.  Comm'r's Br., pp. 6-7 (citing SSR 24-3p, 2024 WL 5256890 (Dec. 6, 2024)).  However, without ever reaching the applicability or requirements of any SSR, remand is appropriate because, as explained below, the ALJ was mistakenly informed the VE's choice of jobs available for Plaintiff was based on sources that "use the same definitions for education level, exertion level, and skill level that's required by Social Security policy."  R. 64.

### A.    The Role of the VE

The Social Security regulations state an ALJ may rely on the knowledge or expertise of a VE in determining whether there are jobs a claimant can perform.  Specifically, "[w]hen the ALJ uses a [VE], the ALJ will pose hypothetical question(s) to the [VE] to establish whether someone with the limitations that the ALJ has previously determined that the claimant has will be able to secure employment in the national economy."  Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004), *superseded on other grounds by* 20 C.F.R. § 404.1520c.  "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question [to the VE] that accounts for all of the claimant's impairments."  Barchard v. Comm'r of Soc. Sec., 628 F. App'x 685, 687 (11th Cir. 2015) (*per curiam*) (citation omitted); see also Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (same).  Moreover, "a finding based on . . . unreliable [VE] testimony 'is equivalent to a finding that is not supported by substantial evidence and must be vacated.'"  Goode v. Comm'r of Soc. Sec., 966 F.3d 1277, 1282 (11th Cir. 2020) (citations omitted).

A VE need not produce detailed reports or statistics in support of his or her testimony, but there must be a reasoned basis for the testimony.  Bryant v. Comm'r of Soc. Sec., 451 F. App'x 838, 839 (11th Cir. 2012); Curcio v. Comm'r of Soc. Sec., 386 F. App'x 924, 926 (11th Cir. 2010); Thibeault v. Comm'r of Soc. Sec., No. 8:13-cv-586, 2013 WL 6498390, at *13 (M.D. Fla. Dec.

6

11, 2013).  The Supreme Court has explained that when assessing the testimony of a VE, courts should utilize a case-by-case approach that "takes into account all features of the [VE's] testimony, as well as the rest of the administrative record."  Biestek v. Berryhill, 587 U.S. 97, 108 (2019).  As the Eleventh Circuit has explained, this means that when evaluating a VE's testimony used at step five to support the ALJ's disability determination, the court "must scrutinize the record as a whole to determine if the [ALJ's] decision is reasonable and supported by substantial evidence."  Goode, 966 F.3d at 1281.

### B.    VE's Testimony

Because of the importance of the VE's testimony, the Court recounts in detail the exchange between the ALJ and the VE as presented in the record with respect to the hypothetical upon which the ALJ relied to make his disability determination.  The introduction to hypothetical one recounted the characteristics listed in the ALJ's RFC for Plaintiff, including that the person can perform "no more than occasional overhead reaching with bilateral upper extremities."  R. 60.  After the VE confirmed Plaintiff's past relevant work as a Child Monitor was precluded, (R. 60-61), the exchange proceeded:

> ALJ:     Is there any obviously unskilled work that would be available given all of these limitations?
>
> . . . .
>
> VE:     There would be Marker, DOT number 209.587-034, light, SVP: 2. There are approximately 165,000 jobs in the national economy. Checker I, DOT number 222.687-010, light, SVP: 2.  There are approximately, excuse me, approximately 5,000 jobs in the national economy.  Router, DOT number 222.587-038, light, SVP: 2.  There are approximately 9,000, oh, I read the wrong number.  There are approximately 22,000 jobs in the national economy.

R. 61-62.

As explained at page 2 of Plaintiff's Reply, the Marker, Checker I, and Router jobs identified by the VE require frequent reaching, defined as occurring from one-third to two-thirds of the time. See DOT, App. C-3; available at https://occupationalinfo.org/appendxc_1.html (last visited July 27, 2026). Occasionally is defined as up to one-third of the time. See id. Social Security Ruling 83-10 uses the same definition for frequent, one-third to two-thirds of the time, and occasionally, from very little to up to one-third of the time. SSR 83-10, 1983 WL 31251, at *5, 6 (Jan. 1, 1983). Likewise, the Social Security Program Operations Manual System ("POMS"), based on the Social Security Act, Social Security Regulations and Rulings, and the "preface materials and appendices of the DOT and selected characteristics of occupations (SCO)," uses the same definitions for "frequent" and "occasional." See POMS DI 25001.001(A)(33) & (55), available at https://secure.ssa.gov/poms.nsf/lnx/0425001001 (last visited July 27, 2026); see also Washington State Dept of Soc. & Health Servs. v. Guardianship Estate of Keffeler, 537 U.S. 371, 385 (2003) (identifying POMS as "the publicly available operating instructions for processing Social Security claims").

After going through additional hypotheticals upon which the ALJ did not rely upon in reaching his decision, the ALJ inquired about the basis for the VE's testimony:

ALJ:      Okay. Can you share with us the source or sources you relied on for your testimony, the source or sources you rely on for the job numbers you gave us, and also go ahead and provide us your general approach in how you estimated those job numbers?

VE:       Yes, Your Honor. The sources for the job numbers would be the Occupational Employment Statistics Group, Bureau of Labor Statistics. I use the SkillTRAN methodology to estimate the

|       |   |
|-------|---|
|       | approximate number of jobs by DOT number. . . . (discussing technical elements of methodology). |
| ALJ:  | Okay.  So, just so it's clear in my mind, the job numbers you gave us, they correlate to those specific DOT numbers.  Is that correct? |
| VE:   | That is correct, Your Honor. |
| ALJ:  | Okay.  And you've already testified that your testimony also relies on your education, training, and experience.  My review of your resume indicates that your experience includes working with employers, observations of work, and worker placement.  Is that correct? |
| VE:   | That is correct, Your Honor. |
| ALJ:  | Okay. And also, I just wanted to note for the record, based on the sources you identified, they use the same definitions for education lever, exertion level, and skill level that's required by Social Security policy, correct? |
| VE:   | Yes, Your Honor. |

R. 63-64.  When asked if she had placed any workers identified as available to Plaintiff - Marker, Checker I, or Router - the VE said she had only placed one person in "something similar to a Checker position," but nothing with respect to Router or Marker.  R. 65.

At the conclusion of questioning by the ALJ, Plaintiff's counsel was offered an opportunity to ask questions.  R. 65.  Counsel started by asking whether the job numbers provided were DOT-specific but was interrupted by the ALJ's admonition that question had been asked and answered affirmatively.  R. 65.  Counsel then confirmed that the VE answered the ALJ's questions based only on the information included in the ALJ's hypotheticals.  R. 65-66.  The ALJ concluded the hearing by announcing he would hold the record open for additional treatment records for thirty days.  R. 66-68.

**C.      The VE's Testimony Is Internally Inconsistent, Thereby Creating an Evidentiary Gap Necessitating Remand**

The Commissioner's regulations establish a five-step sequential process for evaluating a claim for disability:

1.      Is the individual performing substantial gainful activity;

2.      Does she have a severe impairment;

3.      Does she have a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1;

4.      Can she perform her past relevant work; and

5.      Based on her age, education, and work experience, can she perform other work of the sort found in the national economy.

Phillips, 357 F.3d at 1237 (citing 20 C.F.R. § 404.1520).

Plaintiff argues that at step five, the ALJ based his disability determination on VE testimony identifying jobs requiring frequent reaching when the RFC unambiguously limited Plaintiff to occasional overhead reaching bilaterally, i.e., the identified jobs are inconsistent with the RFC.  The parties do not dispute the discrepancy regarding the occasional reaching limitation as stated in the RFC and frequent reaching requirement of the three DOT-numbered jobs identified by the VE, but they do dispute the relevance.  While the Commissioner focuses his argument on showing the VE identified her sources and general approach for job number estimates consistent with the requirements of SSR 24-3p, Plaintiff identifies the real conflict in the case as one between the stated RFC and the requirements of the jobs identified by the VE upon which the ALJ based his disability determination.

Plaintiff's argument is more persuasive for the fundamental reason that irrespective of any policy requirements with respect to consideration of any conflict between the DOT and the VE's

10

testimony, there is uncertainty about the baseline of reliability of the VE's testimony. The VE believed she was providing jobs correlating to specific DOT numbers and using the same definitions as required by Social Security policy when she was not.

> As succinctly summarized by Plaintiff:

> Here, the RFC conflicts with the "*Frequent Reaching*" requirement of the DOT. The RFC limits [Plaintiff] to, among other things, "*occasionally reaching* overhead with the bilateral upper extremities." (Tr. 15, 60) (emphasis added). Critically, the DOT and the Agency both define "reaching" as: "Extending hands and arms in *any direction*." Because the DOT defines reaching as occurring "in any direction," it necessarily includes overhead reaching. Further, the DOT and the Agency both define "frequent" reaching as occurring from one-third to two third of the workday. All three jobs identified by the VE require "frequent reaching," But here . . . the ALJ limited Ms. Trumpler to no more than "occasional reaching." (Tr. 15, 60) The DOT does not separate overhead reaching from other forms of reaching.

Pl's Reply, pp. 2-3 (footnotes omitted). Stated otherwise, the VE told the ALJ the jobs identified in response to hypothetical one, for a person who could only reach overhead with the bilateral extremities occasionally, were jobs that required frequent reaching. The inconsistency between the DOT jobs identified and Plaintiff's RFC was not at issue because the VE mistakenly informed the ALJ there was no discrepancy. That amounts to an internal conflict with the VE's testimony.

Where, as here, there is an internal conflict in the VE's testimony, "remand for further factual development of the record before the ALJ is appropriate where the record reveals evidentiary gaps which result in unfairness of clear prejudice." Goode, 966 F.3d at 1280 (citing Henry v. Comm'r of Soc. Sec. , 802 F.3d 1264, 1267 (11th Cir. 2015)); see also Nettles v. Dudek, Civ. Act. No. 5:23-cv-109, 2025 WL 865728, at *5-6 (S.D. Ga. Mar. 4, 2025) (concluding internally contradictory VE testimony "lacked a baseline of reliability" requiring remand to fully develop the record), *adopted by* 2025 WL 860512 (S.D. Ga. Mar. 19, 2025); Barry C.S. v. Kijakazi, 625 F. Supp.3d 1342, 1351 (N.D. Ga. Feb. 17, 2022) (explaining internally inconsistent

VE testimony "created a critical void in the record because if Plaintiff cannot perform the jobs listed by the VE, the ALJ's Step Five analysis is not supported by substantial evidence (citation omitted)); Akins v. Comm'r of Soc. Sec., No. 6:08-cv-1575, 2009 WL 2913538, at *6-7 (M.D. Fla. Sept. 10, 2009) (remanding case where VE mistakenly stated his testimony was consistent with DOT and thus ALJ unaware of any conflict).

The VE in this case testified she was relying on sources that used the same definitions about job requirements as required by Social Security policy. R. 62-64. She also testified that the jobs identified by DOT number were chosen based solely on the information in the ALJ's hypothetical, which for the first hypothetical upon which the ALJ relied to make his disability determination, included the RFC limitation of only occasional overhead reaching with the bilateral upper extremities. R. 65-66. Thus, the VE testified both that she was providing information about a job for a person that could only reach occasionally overhead with the bilateral extremities but that also complied with definitions consistent with Social Security policy and DOT jobs that required frequent reaching. The inconsistent information resulted in prejudice to Plaintiff because there were no jobs identified that did not conflict with the RFC established by the ALJ. [2] Remand is therefore warranted.

The Court recognizes that upon further development of the record, the VE may be able to provide testimony and identify jobs Plaintiff can perform, thereby supporting the conclusion that

---

[2] For the sake of completeness, the Commissioner argues that, under SSR 24-3p, Plaintiff waived any argument with respect to the VE's testimony by not challenging it at the administrative level. Comm'r's Br., pp. 7-10. The Court need not consider this argument because, as explained above, the Court bases its decision on an evidentiary gap rather than any SSR.

12

Plaintiff is not disabled. However, the Court cannot conclude that the decision as reported by the ALJ is supported by substantial evidence. As another court has succinctly summarized:

> It is not the task of the Court to weigh or re-weigh the evidence in order to support a conclusion; rather the Court must determine only whether the findings of the ALJ are properly supported in fact and law. The ALJ, through no fault of his own, made a finding that is not supported by substantial evidence. The Court cannot know how important that finding was in the ALJ's formulation of his ultimate conclusion. In this limited circumstance, the matter must be remanded for additional development of the vocational record and further consideration.

Akins, 2019 WL 2913538, at *7.

## IV.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion. The Court also **REPORTS** and **RECOMMENDS** Plaintiff's motion for summary judgment be deemed **MOOT** and **TERMINATED**. (Doc. no. 18.)

SO REPORTED and RECOMMENDED this 27th day of July, 2026, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

13